# CHARLIE LATTIMER v. STATE.

No. A-8440.   Jan. 20, 1933.
Rehearing Denied Feb. 3, 1933.
(21 Pac. [2d] 512.)

Merton Munson and Lawton Burton, for plaintiff in error.

J. Berry King, Atty. Gen., and Dwight Malcolm, Co. Atty., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of murder and his punishment fixed at death.

The information charges that defendant shot and killed Marie Lattimer, his wife.   The testimony is brief and in substance is that defendant and his wife were having domestic difficulties; that he followed her from her parent's house where they were at the time a short distance, overtook her, and fired one shot from a pistol into her body, then threw the pistol into the weeds and fled. The wife died in about 30 minutes without making any statement or regaining consciousness.   Defendant testified he put a pistol in his belt and followed his wife, overtook her, and she pulled the pistol from his belt and in doing so shot herself.   In other particulars there is no

substantial conflict in the testimony. There are few objections to testimony and no exceptions to any of the instructions.

Defendant first argues and devotes several pages of the brief to the contention that there is no sufficient proof of the corpus delicti. We have no quarrel with the authorities cited, but the contention is wholly without merit. There is no question but that deceased came to her death from a gunshot wound as shown by the testimony for the state. The controversy is not as to the cause of death, but as to the person who held the weapon at the time the fatal wound was inflicted. This conflict is made by the testimony of defendant that he did not fire the shot but that the pistol at the time it was discharged was in the hands of deceased. This conflicting testimony is covered by the charge of the court and the verdict of the jury is against defendant. We think the jury could have reached no other conclusion.

The only point urged is that the court erred in refusing defendant's request for an instruction on manslaughter. The testimony presented two theories as stated: If defendant pursued deceased and deliberately shot and killed her as shown by the state's evidence, he is guilty of murder. If, as defendant testified, the deceased seized the pistol in his belt and in withdrawing it accidentally shot himself, no offense was committed by defendant and he should have been acquitted and the court so instructed. Defendant's counsel has presented the case as fully as possible under the record. No material error is made to appear.

The case is affirmed.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, or-

dered, and adjudged by this court that the judgment and sentence of the district court of Comanche county be carried out by the electrocution of the defendant on Friday March 24, 1933.

DAVENPORT and CHAPPELL, JJ., concur.